## Jancewicz Adoption

*Edward M. Gallagher,* for petitioners.

*Brian S. Quinn,* for respondent.

DIGGINS, P. J., August 27, 1974.—This comes before the court on a petition for involuntary termination of parental rights of Edward J. Jancewicz filed by Thomas A. McDevitt and Margaret Campanell McDevitt, who live in Newtown Square, Delaware County, Pa. They are childless. The child involved, Nadine Lynn Jancewicz, is a niece of Mrs. McDevitt. She is approaching the age of two years. The charge is one of abandonment. Extensive hearings were held, argument of counsel had, and briefs supplied.

We have little quarrel with the law involved in the cases cited by counsel for petitioners and the same is true as to the law involved in the cases cited by counsel for respondent. The issue is factual, and we must determine into which legal category the facts direct the case. The law is well stated In re Pruitt Adoption, 64 Berks 151 (1972), and other cases as follows:

"Abandonment is largely an intention to be ascertained from the circumstances and whether a child has been abandoned is a question of fact. Abandonment as defined by the statute is 'conduct on the part

of a parent which evidences a settled purpose of relinquishing parental claim to the child and of refusing or failing to perform parental duties for a period of at least six months.

"Abandonment is not an ambulatory thing the legal effects of which a delinquent parent may dissipate at will by the expression of a desire for the return of the discarded child";
and we are not unmindful of the best interests of the child, but we must bear in mind that we are not, in this case, dealing with custody but solely with parental rights.

It would appear from the record, and the court finds, that the parents originally lived in Freeland, Pa., where, shortly after birth, a support order was entered against the father-respondent in this case. He had been mailing, at least intermittently, $20 every two weeks before the court order. Since the order was entered, which is in the sum of $15 per week, the father has paid it regularly on a twice monthly basis and it is current.

From the beginning, it seems abundantly clear that the mother made determined and somewhat successful efforts to keep the father out of the child's life, and it was the mother who brought the child to the McDevitts where it certainly has had good care and has a good home. On the other hand, it seems clear that the father was, to a degree, passive and did not aggressively seek to enforce his right of visitation and while these elements are to be considered on the question of abandonment, they are not controlling and, in this instance, there may be some reasonableness in the attitude of the father because of a desire not to cause trouble. Certainly, there was interference on the part of the in-laws. At one time, the father had a drinking problem but not to a disabling degree and this now seems to no longer be serious.

It is important to note that the father is charged with delinquency over a nine months' period. The statute requires a minimum of six months. Under the circumstances here present, we do not think the time element of nine months sufficient to establish a "settled" purpose. It may well be that this father has put himself on the fringes of "parental relinquishment" but he has not brought himself within the irrevocable perview thereof. He continued to support the child, he did make some efforts to visit and overcome the wife's recalcitrance, and the period here involved is simply not long enough to satisfy this court that a settled purpose to abandon is present. As a matter of fact, we think the record more amply justifies a conclusion that he did not intend to abandon even though he did not pursue all of his remedies to share in the child's life.

We, therefore, conclude that petitioner has failed to meet quantitively or qualitively the burden of proof required and, consequently, we make the following

### ORDER

And now, to wit, August 27, 1974, the petition to involuntarily terminate the rights of the natural father be and the same is hereby dismissed.